PLEASE ACCEPT THE FOLLOWING IN RESPONSE TO YOUR APRIL 2, 1991 LETTER TO ATTORNEY GENERAL ROBERT HENRY, IN WHICH YOU REQUESTED AN ATTORNEY GENERAL'S OPINION ON WHETHER THE STATE LABOR DEPARTMENT HAS JURISDICTION OVER TITLE 18 FIRE DEPARTMENTS PURSUANT TO TITLE 40 C.S. 401, ET SEQ. BECAUSE YOUR QUESTION CAN BE ANSWERED BY REFERENCE TO EXISTING STATUTES AND ESTABLISHED PRINCIPLES OF LAW, AN OFFICIAL OPINION IS UNWARRANTED. HOWEVER, I HOPE YOU FIND THE FOLLOWING INFORMAL DISCUSSION HELPFUL.
TITLE 40 O.S. 401 — 40 O.S. 424, IS THE OKLAHOMA HEALTH AND SAFETY STANDARDS ACT OF 1970, AS AMENDED. THE FOLLOWING DEFINITIONS ARE FOUND IN TITLE 40 O.S. 402 (1990) AND TITLE 40 O.S. 403 (1981):
"402. OCCUPATION L HEALTH AND SAFETY DEFINITIONS.
 AS USED IN THE OKLAHOMA OCCUPATIONAL HEALTH AND SAFETY STANDARDS ACT:
 1. "EMPLOYER" MEANS THE STATE AND ALL ITS POLITICAL SUBDIVISIONS WHICH HAS IN ITS EMPLOY ONE OR MORE INDIVIDUALS PERFORMING SERVICES FOR IT IN EMPLOYMENT; AND
 2. "EMPLOYEE" MEANS A PERSON PERMITTED TO WORK BY AN EMPLOYER IN EMPLOYMENT; AND
 3. "PLACE OF EMPLOYMENT" MEANS THE PLANT OR PREMISES IN OR ABOUT WHICH AN EMPLOYEE IS PERMITTED TO WORK; AND
* * *
 9. "EMPLOYMENT" INCLUDES ALL SERVICES FOR PAY PURSUANT TO A CONTRACT OF HIRE EXCEPT SERVICE IN AGRICULTURAL OR DOMESTIC EMPLOYMENT AND SAND, GRAVEL AND QUARRY OPERATIONS.
403. EMPLOYERS' DUTY
(1) EACH EMPLOYER SHALL ESTABLISH AND MAINTAIN CONDITIONS OF WORK WHICH ARE REASONABLY SAFE AND HEALTHFUL FOR EMPLOYEES. EACH EMPLOYER'S SAFETY DEVICES AND SAFEGUARDS SHALL BE SUCH AS ARE REASONABLY NECESSARY TO PROTECT THE LIFE, HEALTH AND SAFETY OF HIS EMPLOYEES."
FROM THESE STATUTES, IT SEEMS CLEAR THAT THE LEGISLATURE'S SOLE INTENT WAS TO REQUIRE DEFINED EMPLOYERS TO PROVIDE A SAFE AND HEALTHFUL WORKPLACE FOR THEIR EMPLOYEES. THE STATE DEPARTMENT OF LABOR, THROUGH ITS COMMISSIONER, IS EMPOWERED TO ESTABLISH HEALTH AND SAFETY STANDARDS, AND TO ENFORCE THE PROVISIONS OF THE ACT.
TITLE 18 O.S. 592 AND 18 O.S. 594 (1990) PROVIDE:
 "592. FIRE DEPARTMENTS FOR UNINCORPORATED AREAS — INCORPORATION
THE AUTHORITY OF PERSONS ASSOCIATED TOGETHER TO BECOME INCORPORATED AS A CHARITABLE CORPORATION FOR THE PURPOSES OF PROVIDING EITHER A VOLUNTEER OR FULL-TIME FIRE DEPARTMENT FOR AN UNINCORPORATED AREA OR PLACE IS HEREBY RATIFIED AND CONFIRMED. SUCH A CORPORATE FIRE DEPARTMENT SHALL HAVE AUTHORITY TO PROVIDE FIRE PROTECTIVE SERVICE BOTH TO ITS MEMBERS AND TO NONMEMBERS, EITHER WITHIN OR WITHOUT THE UNINCORPORATED AREA WHEREIN IT IS SITUATED.
594. FIRE DEPARTMENTS FOR UNINCORPORATED AREAS — STATUS AS STATE AGENCY — NONLIABILITY FOR TORT
ANY CHARITABLE CORPORATION FORMED IN AN UNINCORPORATED AREA FOR THE PURPOSE OF PROVIDING EITHER A VOLUNTEER OR A FULL-TIME FIRE DEPARTMENT, SUCH AS IS MENTIONED IN SECTION 592 OF THIS TITLE, SHALL BE CONSIDERED AN AGENCY OF THE STATE OF OKLAHOMA WHILE ACTUALLY PERFORMING THE FUNCTION OF PROVIDING FIRE PROTECTIVE SERVICES EITHER WITHIN OR WITHOUT THE UNINCORPORATED AREA WHEREIN IT IS SITUATED, AND WHILE IN ENGAGED SUCH CORPORATION SHALL NOT BE LIABLE IN TORT FOR THE ACTS OF ITS MEMBERS OR ITS FIREMEN."
THESE TWO STATUTES WERE ENACTED IN 1957 AND, ALTHOUGH AMENDED IN 1983, THEIR SUBSTANCE WAS NOT CHANGED.
IN 1957, THE STATE AND ITS AGENCIES STILL ENJOYED COMMON-LAW SOVEREIGN IMMUNITY FROM TORT LIABILITY, SO THE SIGNIFICANCE OF 18 O.S. SECTION 594[18-594] FIRE DEPARTMENTS IS APPARENT. ITS SOLE PURPOSE WAS, AND IS, TO ALLOW SUCH FIRE DEPARTMENTS TO ENJOY, WHILE ACTUALLY PERFORMING THE FUNCTION OF PROVIDING FIRE PROTECTIVE SERVICES, THE SAME STATUS AS THE STATE WITH RESPECT TO TORT LIABILITY. THAT STATUS IS NOW DEFINED BY THE GOVERNMENTAL TORT CLAIMS ACT, 51 O.S. 151 (1990), ET SEG., FIRST ENACTED IN 1984.
THERE ARE ALSO SPECIAL PROVISIONS FOUND IN THE STATUTES PERTAINING TO THE STATE'S RISK MANAGEMENT ADMINISTRATOR (A POSITION CREATED IN CONJUNCTION WITH THE ENACTMENT OF THE GOVERNMENTAL TORT CLAIMS ACT) WHICH REINFORCE THE CONCLUSION THAT TITLE 18 FIRE DEPARTMENTS ARE TO BE CONSIDERED AS STATE AGENCIES ONLY IN THE LIMITED CIRCUMSTANCES DESCRIBED ABOVE; I.E., FOR TORT LIABILITY PURPOSES ONLY. 74 O.S. 85.34(A) CONTAINS A LIST OF ENTITIES WHICH, ALTHOUGH NOT STATE AGENCIES, ARE PERMITTED TO OBTAIN INSURANCE COVERAGE THROUGH THE RISK MANAGEMENT ADMINISTRATOR FOR VEHICLES, VESSELS, OR AIRCRAFT USED IN FIRE FIGHTING. THE STATUTE ALSO PROVIDES THAT THE RISK MANAGEMENT ADMINISTRATOR IS AUTHORIZED TO ESTABLISH EQUIPMENT AND SAFETY STANDARDS FOR THE VEHICLES, VESSELS, AND AIRCRAFT WHICH ARE COVERED BY SUCH INSURANCE. TITLE 18 FIRE DEPARTMENTS ARE INCLUDED ON THAT LIST. THERE WOULD BE NO NEED TO INCLUDE TITLE 18 FIRE DEPARTMENTS IN THAT LIST IF THE LEGISLATURE INTENDED THAT THEY BE CONSIDERED STATE AGENCIES FOR ANY BROADER PURPOSE THAN THAT DESCRIBED AND LIMITED BY SECTION 594, AS THEY WOULD HAVE BEEN ELIGIBLE FOR SUCH INSURANCE COVERAGE BY VIRTUE OF BEING A "FULL-TIME" STATE AGENCY.
ALSO, IT APPEARS THAT, AT LEAST WITH RESPECT TO THOSE TITLE 18 FIRE DEPARTMENTS THAT HAVE INSURANCE COVERAGE FOR THEIR FIRE FIGHTING VEHICLES, VESSELS AND AIRCRAFT THROUGH THE RISK MANAGEMENT ADMINISTRATOR, THE TASK OF INSURING A SAFE AND HEALTHFUL WORKPLACE HAS BEEN DELEGATED TO THE RISK MANAGEMENT ADMINISTRATOR. THE "WORKPLACE" OF A FIREFIGHTER ACTUALLY ENGAGED IN FIREFIGHTING IS OBVIOUSLY THE SITE OF THE FIRE. THEREFORE, THAT WORKPLACE IS CREATED WHEN THE FIRE FIGHTING VEHICLES, VESSELS, OR AIRCRAFT ARRIVE AT THE SITE.
AS DESCRIBED IN THE PREVIOUS ATTORNEY GENERAL OPINIONS CITED IN YOUR LETTER, A TITLE 18 FIRE DEPARTMENT IS NOT A POLITICAL SUBDIVISION OF THE STATE NOR IS IT AN AGENCY OF THE STATE, EXCEPT IN THE LIMITED MANNER DESCRIBED ABOVE. THEREFORE, THE STATE DEPARTMENT OF LABOR DOES NOT HAVE JURISDICTION OVER TITLE 18 FIRE DEPARTMENTS FOR THE PURPOSES OF ADMINISTERING OR ENFORCING THE OKLAHOMA HEALTH AND SAFETY STANDARDS ACT OF 1970.
(ROBERT M. ANTHONY)